IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL WARREN COX and PENNY RAY COX,

    Plaintiffs,

v().    Case No. 2:21-cv-437 KWR/KRS

HARBOR FREIGHT TOOLS USA, Inc.,

    Defendant.

## SCHEDULING ORDER

**THIS MATTER** comes before the Court following a telephonic Rule 16 scheduling conference held on August 24, 2021. At the hearing, the Court adopted the parties' proposed Joint Status Report and Provisional Discovery Plan, with slight modifications, as reflected in the dates below

Accordingly, **IT IS HEREBY ORDERED** that the parties shall adhere to the following discovery plan:

(a) Maximum of twenty-five (25) interrogatories by each party to any other party, with responses due 30 days after service.

(b) Maximum of twenty-five (25) requests for admission by each party to any other party, with responses due thirty (30) days after service.

(c) Maximum of twenty-five (25) depositions by Plaintiffs and twenty-five (25) by Defendant. Each deposition limited to maximum of seven (7) hours unless extended by agreement of the parties.

**IT IS FURTHER ORDERED** that the following case management deadlines shall govern:

(a) Deadline for Plaintiff to amend pleadings and join additional parties pursuant to Federal Rule of Civil Procedure 15: **September 23, 2021**;

(b) Deadline for Defendants to amend pleadings and join additional parties pursuant to Federal Rule of Civil Procedure 15: **October 25, 2021**

(c) Deadline for Plaintiff's expert reports: **January 21, 2022**;

(d) Deadline for Defendants' expert reports: **February 10, 2022**;

(e) Termination of discovery: **March 22, 2022**;

(f) Deadline for supplementing discovery/disclosures: Due 90 days before trial for Plaintiffs; 60 days before trial for Defendant;

(g) Motions relating to discovery: **April 11, 2022**;

(h) All other motions:[1] **April 21, 2022**;

(i) Pretrial order:   Plaintiff to Defendant by: **June 6, 2022**;

   Defendant to Court by: **June 20, 2022**.

**IT IS FURTHER ORDERED** that the Court must approve any changes to the timing or scope of discovery, other than the parties' agreement to extend the length of a deposition made during the deposition in question. Requests by a party to change the timing or scope of discovery, other than a mutual agreement to extend a deposition reached during the deposition, must be made by motion and before the termination of discovery or the expiration of any applicable deadline. Discovery must be completed on or before the termination of the discovery

---

[1] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions *in limine*. The Court will set a motions *in limine* deadline in a separate order.

deadline.  A written discovery request must be propounded by a date which ensures that the response to that request is due on or before the discovery deadline.  The parties are further reminded that the cutoff for motions related to discovery does not relieve the party of the twenty-one (21) day time period under Local Rule 26.6 to challenge a party's objections to answering discovery.  The parties are encouraged to review Federal Rule of Civil Procedure 26(a)(2) to ensure they properly disclose *all* testifying witnesses, not just those for whom a report is required.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE